UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KIMBERLY VALENCIA,

                Plaintiff,                              **ORDER**

         -against-                             21 Civ. 6740 (VMS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      For the reasons discussed herein, the Court grants the motion of Plaintiff Kimberly Valencia ("Plaintiff") for judgment on the pleadings and, as such, remands this action to Defendant Commissioner of Social Security ("Defendant") to conduct a new hearing and render a new decision consistent with this Order, and the Court denies Defendant's cross-motion for judgment on the pleadings.

**I.    PROCEDURAL BACKGROUND**

      Plaintiff applied to the Social Security Administration (the "Administration") for supplemental security income benefits. See ECF No. 9 at 190-95. On October 17, 2018, the Administration denied Plaintiff's claim for supplemental security income benefits. See id. at 78-89.[1] On December 11, 2018, Plaintiff requested a hearing before an administrative law judge. See id. at 90-93. On June 19, 2020, Administrative Law Judge David Begley (the "ALJ") held a hearing. See id. at 41-65. On July 6, 2020, the ALJ issued an unfavorable decision. See id. at

---

[1] Plaintiff also applied to the Administration for disability benefits. See ECF No. 9 at 186-89. On August 19, 2018, the Administration denied Plaintiff's claim for disability benefits. See id. at 38-40. This denial is not the subject of the action presently pending before the Court. See ECF No. 13 at 4 (citation omitted). Plaintiff's complaint inadvertently refers to the denial of disability benefits, see ECF No. 1 ¶ 7, as opposed to the denial of supplemental security income benefits, in error.

22-37.[2]  On July 23, 2020, Plaintiff requested review of the ALJ's decision by the Administration's Appeals Council (the "Council").  See id. at 183-85.  On October 8, 2021, the Council found no basis for changing the ALJ's decision and denied Plaintiff's request for review.  See id. at 11-16.

Plaintiff then commenced this action against Defendant, seeking modification of the Administration's decision or, alternatively, remand to Defendant for reconsideration of the evidence, as well as an award of attorneys' fees and costs.[3]  See generally ECF No. 1.  Plaintiff moved for judgment on the pleadings.  See generally ECF Nos. 12 & 13.  Defendant cross-moved for judgment on the pleadings.  See generally ECF No. 15.  Plaintiff declined to submit a reply.  See generally ECF No. 16.

## II.  LEGAL STANDARD

An administrative law judge must follow a five-step process to determine an applicant's entitlement to benefits arising from a claimed disability.  See Schillo v. Kijakazi, 31 F.4th 64, 69-70 (2d Cir. 2022) (citations omitted).  In considering an appeal from such a decision of the Administration, a court must determine, upon a "plenary review of the administrative record," if "substantial evidence, considering the record as a whole, . . . support[s] the Commissioner's decision and if the correct legal standards have been applied."  Estrella v. Berryhill, 925 F.3d 90, 95 (2d Cir. 2019) (citation & quotations omitted).  The "substantial evidence" standard requires

---

[2] The Court notes that the ALJ's decision appears to incorrectly refer to the filing date of Plaintiff's application as June 8, 2018.  Compare ECF No. 9 at 25 (stating, in the ALJ's decision, that, "[o]n June 8, 2018, the claimant filed an application for supplemental security income) with id. at 2 (denoting, in the index of the administrative transcript, the date of Plaintiff's application as June 28, 2018).

[3] Plaintiff has not requested an award of attorneys' fees and costs in her motion papers, and, as such, the Court does not make a determination as to granting any such award herein.

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Tibbles v. Comm'r of Soc. Sec., No. 22 Civ. 1127, 2023 WL 3477127, at *1 (2d Cir. 2023)

(citation & quotations omitted). Although the "substantial evidence standard is . . . very

deferential," such that the Administration's "findings of fact must be upheld unless a reasonable

factfinder would have to conclude otherwise," id. (emphasis in original) (citation & quotations

omitted), where a court is "unable to fathom the ALJ's rationale in relation to evidence in the

record, especially where credibility determinations and inference drawing is required of the

ALJ," the court "will not hesitate to remand for further findings or a clearer explanation for the

decision," Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (citation & quotations omitted).

## III. DISCUSSION

The ALJ concluded that Plaintiff

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except prohibited from climbing ladders, ropes, or scaffoldings; further limited to all exposure to hazardous machinery, unprotected heights, and open flames, as well as slippery and uneven surfaces; and the claimant would need to alternate sitting or standing positions to alleviate pain or discomfort at 15-minute intervals, as needed throughout the day.

ECF No. 9 at 29. This conclusion has four faults.[4]

First, the ALJ's conclusion that, given Plaintiff's "lower extremity strength limitations

and stiffness, she would need to alternate sitting and standing at 15-minute intervals throughout

the workday," id. at 31, is inconsistent with the ALJ's conclusion that Plaintiff "has the residual

---

[4] The Court does not credit Plaintiff's argument that, in reaching his conclusion, "the ALJ rejected all of the postural limitations assessed by Dr. Amorapanth" and improperly "substituted his own lay opinion for that of Dr. Amorapanth without citing any medical records or contrary opinions." ECF No. 13 at 15. Plaintiff does not provide any citation to the record before the Court, see id., such that the Court is unable to evaluate this argument, and the ALJ's decision does not expressly reference any postural limitations assessed by the Doctor, see generally ECF No. 9 at 22-37.

3

functional capacity to perform sedentary work as defined in 20 CFR 416.967(a)," id. at 30.  20 C.F.R. § 416.967(a) defines "[s]edentary work," in pertinent part, as that "which involves sitting" and "a certain amount of walking and standing . . . required occasionally."  Plaintiff and Defendant agree that "occasional" walking and standing amounts to no more than two of eight hours per day.  See ECF No. 13 at 17; ECF No. 15-1 at 8 n.4.  If Plaintiff would need to alternate sitting and standing every fifteen minutes "as needed throughout the day," as the ALJ concluded, in an eight-hour work day, Plaintiff would sit for four hours and stand for four hours.  This practice would be inconsistent with a "sedentary" job.

Second, in relation to this issue, Plaintiff also argues that the ALJ improperly assumed that the vocational expert's testimony would be consistent with the Dictionary of Occupational Titles, unless the vocational expert informed the ALJ otherwise; Plaintiff contends that this assumption does not comport with the inquiry required by SSR 00-4p, namely that administrative law judges must probe conflicts between a vocational expert's testimony and the Dictionary of Occupational Titles.  ECF No. 13 at 16-18 (citations omitted).  Plaintiff references a conflict between the vocational expert's testimony and 20 C.F.R. § 416.967(a) and, relatedly, SSR 83-10, namely Plaintiff's ability to perform sedentary jobs, given the fifteen-minute intervals.  See id. at 16-17.  Given that 20 C.F.R. § 416.967(a) uses the same definition of "sedentary" work as the Dictionary of Occupational Titles, the Court construes Plaintiff's reference to 20 C.F.R. § 416.967(a) as a reference to the Dictionary of Occupational Titles.  The seeming conflict between the vocational expert's testimony and the Dictionary of Occupational Titles should be reevaluated on remand as well.

Third, Dr. Prin Amorapanth, MD (the "Doctor") assessed that Plaintiff should "[n]ever" climb.  ECF No. 9 at 377.  The ALJ partially rejected the Doctor's opinion by stating that it

4

"only . . applied to ladders, ropes, or scaffoldings." ECF No. 9 at 31. The Court cannot fathom why the ALJ limited the Doctor's opinion. The ALJ's limitation would include within Plaintiff's employment possibilities many positions that seem contraindicated by the Doctor's opinion, without an explanation.

Fourth, the Doctor assessed that Plaintiff should lift only up to five pounds and only occasionally, or up to one third of the time; in support of this conclusion, the Doctor noted "spastic diplegia: weakness of bilateral lower extremities & increased tone limiting gait, [indiscernible], & functional mobility that places her at an increased risk for falls with physical loading." Id. at 376. The ALJ rejected this conclusion as "poorly supported" because, "on examination of the claimant's strength, Dr. Amorapanth generally notes her to have normal upper extremity strength and only moderately limited lower extremity strength"[5] and as "inconsistent with the claimant's longitudinal record generally describing the claimant to have full strength of the upper extremities and strength limitation of the lower extremity ranging from moderately diminished to undiminished." Id. at 31 (citations omitted). The ALJ's decision fails to account for the Doctor's explanation that lower extremity weakness, as well as gait and mobility limitations, require limitations in lifting because Plaintiff's balance may be upset when she carries weights, leading to an increased risk for Plaintiff.

---

[5] The Court notes that the ALJ cites to Exhibit 11F in the administrative transcript but misattributes it to the Doctor, whereas these notes were generated by Dr. Alon Mogilner, MD. ECF No. 9 at 4.

## IV. CONCLUSION

For the reasons discussed herein, the Court grants Plaintiff's motion for judgment on the pleadings and, as such, remands this action to Defendant to conduct a new hearing and render a new decision consistent with this Order, and the Court denies Defendant's cross-motion for judgment on the pleadings.

Dated: Brooklyn, New York
September 21, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge